Argued and submitted November 18, affirmed December 26, 1991

Kevin ANDERSON,
*Appellant,*

*v.*

Frank LOOMIS,
*Defendant,*
· *and*

Clara Darnell LOOMIS,
*Respondent.*

(89-0317-TM; CA A66986)

822 P2d 752

Warren John West, Bend, argued the cause and filed the brief for appellant.

Ronald L. Marceau, Bend, argued the cause for respondent. With him on the brief were Dennis J. Hubel and Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, a timber faller, was injured when the truck in which he was a passenger collided with another vehicle, driven by defendant. Shortly before the accident, plaintiff had unfastened the harness portion of his seat belt and leaned forward to unlace his logging boots. He was in that position at the time of impact. The waist portion of the seat belt had not been unfastened. Plaintiff's head hit the windshield and he suffered neck injuries.

Defendant interposed the comparative fault defense that plaintiff was negligent in "positioning himself * * * so that he was leaning forward toward the dash and unlacing his boots" while the truck was in motion. Defendant also alleged that plaintiff failed "to properly wear the operable safety belt system that was available for his use." By a special verdict, the jury found that defendant was negligent and that plaintiff was negligent "in the manner in which he was seated." It fixed defendant's fault at 60 percent and plaintiff's at 40 percent. The jury further found, pursuant to ORS 18.590, that plaintiff's failure to wear his seat belt properly "contributed to his damages" and warranted a 3 percent reduction in the damage to be awarded him. Plaintiff appeals from the resulting judgment, and we affirm.

ORS 18.590(1) provides:

"In an action brought to recover damages for personal injuries arising out of a motor vehicle accident, evidence of the nonuse of a safety belt or harness may be admitted only to mitigate the injured party's damages. The mitigation shall not exceed five percent of the amount to which the injured party would otherwise be entitled."[1]

In his first assignment, plaintiff contends that the court erred by denying his motion to strike the comparative fault allegation concerning the way in which he was seated. He reasons that ORS 18.590 was enacted to make nonuse of a seat belt a matter of mitigation only and not the basis for a comparative fault defense; plaintiff then contends that the "leaning forward" defense was "an attempt to circumvent" ORS 18.590, because:

---

[1] ORS 18.590(2) contains exceptions that are not relevant here.

"A person cannot be negligent if he is properly seat-belted and is leaning forward close to the dash at the time of an accident. As such, an allegation of negligence that he was leaning forward closer to the dash at a time when he was not wearing the harness portion of his seat belt means that his injuries are related to his improper seat belt."

■     Plaintiff is incorrect in both his conclusion and his underlying premise. A person *can* be negligent by placing himself in a dangerous position, whether wearing a seat belt or not. There was evidence that, even if the harness strap had been in place, plaintiff could have leaned forward and, if he had, could have come into contact with the windshield when the vehicles collided. More fundamentally, we disagree with plaintiff's apparent understanding that negligence in the way a person is positioned in a vehicle is necessarily related, if not identical, to not wearing a seat belt. Sitting upright without the protection of a seat belt can pose a different risk from that of putting one's self in proximity with the hard or fragile surfaces of a truck's cabin.

■     Plaintiff suggests that allowing comparative fault defenses of the kind in question will enable defendants to escape the legislative limitation on the "seat belt defense." Quite the opposite is true. Plaintiff's argument would expand the limitation in such a way that many independent forms of negligence would be unavailable as defenses if the plaintiff happened not to be wearing a seat belt at the time that he engaged in them. The jury was accurately instructed on the differences between the alleged comparative fault of leaning forward and the seat belt mitigation factor, and the special verdict form made confusion as close to impossible as it ever could be. We reject plaintiff's primary argument and also reject without discussion the other arguments that he makes in support of his first assignment.

In his second assignment, plaintiff challenges the court's admission of testimony by defendant's expert concerning the likelihood that more serious injuries will result if passengers do not wear seat belts. We agree with the trial court that the bases for plaintiff's objection pertain only to the weight of the evidence.

■     In his last assignment, plaintiff contends that the trial court erred by refusing to accept his "stipulation,"

offered in the middle of the trial, that damages could be reduced by the 5 percent maximum provided by ORS 18.590, if the seat belt issue were removed from the jury's consideration. The court concluded that that could not be done unless plaintiff also agreed that the jury, which was already aware that the seat belt use matter was in the case, could be told that he admitted that his injuries were augmented by his failure to wear the seat belt properly. Plaintiff maintains that the fact became irrelevant after he agreed to accept "the maximum deduction" that could flow from it. Even assuming that the ruling was error, it was harmless. The jury found a lesser percentage of damage mitigation than plaintiff would have agreed to accept.

Plaintiff argues, however:

"Admission of [seat belt] evidence at this time would solely prejudice the jury by unduly weighing the significance of the non-use of a seat belt in reaching its decision. The key concern for plaintiff at this point in time was whether or not the jury would use the evidence of non-use of a seat belt. The only reason for the admission of evidence of the non-use of the seat belt is for mitigation of damages. ORS 18.590. Once plaintiff was prepared to stipulate that the trial court shall deduct the maximum amount allowed by law under ORS 18.590 of five percent, evidence of non-use of seat belt was clearly irrelevant and prejudicial."

As noted in our discussion of plaintiff's first assignment, the court's instructions on the different issues in the case and how the jury should consider them made it extremely unlikely that the evidence of nonuse of the seat belt could have had any effect on the jury's finding on any other issue.

Affirmed.